**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **DEREK I. LACY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO: 1:19-cv-4204** |
| | ) |
| **AMERICAN BUSINESS INSURANCE,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Derek I. Lacy ("Lacy") brings this action against Defendant American Business

Insurance, Inc. ("Defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §201 et seq., and the Indiana Wage Payment Statute, Indiana Code § 22-2-5 et seq.

## PARTIES

1.      Lacy is an individual who resides in the State of Florida.   He was employed by

Defendant within the meaning of the FLSA within the three year period preceding the filing of

this complaint.   At all times hereinafter mentioned, Lacy was an individual employee who was

engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.

§§206-207.

2.      Defendant is an Indiana corporation located, and doing business, in Greenwood,

Indiana.   Defendant acted, directly or indirectly, in the interest of an employer with respect to

Lacy.   Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

## JURISDICTION

3.      This Court has jurisdiction over Defendant because Lacy has asserted a claim

arising under federal law.   This Court has supplemental jurisdiction over the Lacy's Indiana state law claim pursuant to 28 U.S.C. §1367.

## VENUE

4.      Venue is proper in the Southern District of Indiana pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391 because Defendant may be found in this district and the challenged conduct occurred in this district.

## FLSA COVERAGE

5.      At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

6.      At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

7.      Lacy began his employment with Defendant in May 2001.

8.      At all times relevant to this action, Lacy held the position of Vice President.

9.      Lacy's agreement with Defendant required Defendant to compensate Lacy for his base salary plus any bonuses earned on the 15th of the following month.

10.      Lacy was employed by, and performed work on behalf of, Defendant through September 11, 2017.

11.     Defendant failed to compensate Lacy for the work he performed from September 1, 2017 – September 11, 2017.   To wit, Lacy received did not receive any portion of his salary and no earned bonuses on October 15, 2017.

12.     Lacy has repeatedly requested payment of the aforementioned salary and bonuses from Defendant, however, Defendant has yet to compensate Lacy for the salary and bonuses due and owing to him as of October 15, 2017.

## CAUSES OF ACTION

### COUNT I – FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

13.     Lacy hereby incorporates by reference paragraphs 1-12 of his Complaint.

14.     During the relevant time period, Defendant violated the provisions of 29 U.S.C. §§ 203 and 206 by employing Lacy in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without compensating him for his employment.

15.     Defendant has acted willfully in failing to pay Lacy in accordance with the law.

### COUNT II - FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA STATE LAW

16.     Lacy hereby incorporates by reference paragraphs 1-12 of his Complaint.

17.     During the relevant time period, Defendant violated the provisions of Indiana Code § 22-2-5 et seq. by failing to pay all wages earned by Lacy.

18.     Defendant has acted willfully in failing to pay Lacy in accordance with the law.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff Derek I. Lacy respectfully requests that this Court enter judgment in his favor and provide him the following relief:

a.      An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid minimum wages due to Lacy and for liquidated damages equal in amount to the unpaid minimum wages found due to Lacy;

b.      An Order pursuant to Indiana Code § 22-2-5 et seq. finding Defendant liable for unpaid wages due to Lacy and for liquidated damages equal to two (2) times the amount of wages found due to Lacy;

c.      An Order awarding Lacy the costs of this action;

d.      An Order awarding Lacy his attorney's fees;

e.      An Order awarding Lacy pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone:     (317) 616-3671
E-Mail:          ajones@andrewgjoneslaw.com

Attorney for Plaintiff