# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK I. LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cv-4204-JMS-TAB |
| | ) | |
| AMERICAN BUSINESS INSURANCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE

This Settlement Agreement, General Release and Covenant Not to Sue ("Agreement") is entered into by and between Defendant American Business Insurance, Inc. ("ABI" or "Company") and Plaintiff Derek I. Lacy, ("Plaintiff"), jointly referred to herein as the "Parties."

### Recitals

A.      Plaintiff worked at ABI from 2001 to September of 2017, last holding the position of Vice-President.

B.      Plaintiff filed this action (the "Lawsuit") against ABI alleging that he was not paid minimum wage for all hours worked as required by the Fair Labor Standards Act, and was not paid all wages owed as required by the Indiana Wage Payment Act.

C.      ABI has and continues to deny any liability to Plaintiff for the matters alleged by Plaintiff, and enters into this Agreement solely to avoid the expense of further litigation.

D.      In consideration of the mutual covenants, promises, and obligations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is mutually acknowledged, and subject to the approval of the Court, the Parties hereby agree as follows:

### Agreement

1.      **Definition.** Throughout this Agreement, the term "Released Parties," when capitalized and used alone, shall encompass the following:

a. American Business Insurance, Inc. and any other subsidiary, parent company, affiliated entity, related entity, predecessor or successor entity, or division of any of the foregoing; and

b. Any current or former officer, director, trustee, agent, employee, insurer, shareholder, attorney, representative, or employee benefit or welfare program or plan (including the administrators, trustees, and fiduciaries of such program or plan) of an entity referenced in or encompassed by subparagraph 1(a).

2.    **Consideration.** In consideration of the promises contained in this Agreement, and in consideration for Plaintiff completing all paperwork necessary to effectuate the dismissal with prejudice of the pending Lawsuit, which dismissal with prejudice is a condition precedent to any payment becoming due under this Agreement, Company shall pay Plaintiff the gross sum of Seven Thousand, Five Hundred Dollars and Zero Cents ($7,500.00), payable as follows:

a. A gross amount of Two Thousand, Nine Hundred, and Sixty Dollars and Forty-Seven Cents ($2,960.47) shall be made payable to Plaintiff, less all applicable taxes and withholdings. Plaintiff understands and agrees he must provide executed W-4 and WH-4 Forms to Counsel for ABI in order for ABI to process this payment. The Company will report this amount on a Form W-2. This check will be sent to Plaintiff, in care of his counsel, Andrew G. Jones, within fourteen business days following the Effective Date of this Agreement (as defined in the Agreement); and

b. A gross amount of Four Thousand, Five Hundred, and Thirty-Nine Dollars and Fifty-Three Cents ($4,539.53) shall be payable as attorneys' fees and costs to Plaintiff's counsel, Andrew G. Jones, within fourteen business days following the Effective Date of this Agreement. Plaintiff and his counsel must each provide executed W-9 forms to Counsel for ABI in order ABI for to process this payment. The Company will report this amount on a Form 1099 issued to both Plaintiff and his counsel.

In paying the amounts specified in this Paragraph 2, the Company makes no representation as to the tax consequences or liability arising from said payment, including but not limited to 26 U.S.C. §409(A). Moreover, the Parties agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees that he will pay any and all income tax which may be determined to be due in connection with the payments described in this Paragraph 2. Plaintiff also agrees to indemnify the Released Parties for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payment described in this Paragraph 2 and/or imposed by the Internal Revenue Service, the State of Indiana, or any other taxing agency or tribunal as a result of the Company's failure to properly withhold taxes on said payments or any portion thereof.

The payments described herein reflect consideration provided to Plaintiff over and above anything of value to which Plaintiff is already entitled. Plaintiff agrees that the consideration and sums included in this Paragraph 2 are the maximum sums ever to be due Plaintiff from

Company, and he hereby relinquishes and waives any rights to other forms of payment or benefits under any other agreement between Plaintiff and Company, whether written, oral, express or implied.

3.     **General Release and Waiver of Claims.**   Plaintiff (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges the Released Parties from any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date Plaintiff executes this Agreement, and waives all claims relating to, arising out of, or in any way connected with his interactions with Released Parties and/or employment with ABI, the cessation of that employment, or the compensation or benefits payable in connection with that employment or the cessation of that employment, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees and costs, (hereinafter collectively referred to as "Claims"), based on but not limited to: The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq; The Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621, et seq; The Americans With Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, et seq.; The Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et seq.; The Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601, et seq.; The Civil Rights Act of 1866 and 1964, as amended, 42 U.S.C. § 1981; The Lilly Ledbetter Fair Pay Act of 2009; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.; The Pregnancy Discrimination Act; the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1161, et seq. (except if eligible, Plaintiff's right to obtain continuation of insurance coverage); The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681, et seq.; The Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq., and any similar state law; The Equal Pay Act, as amended, 29 U.S.C. § 206, et seq.; The National Labor Relations Act, 29 U.S.C. § 151, et seq.; The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001, et seq.; The Genetic Information Nondiscrimination Act of 2008, as amended, 42 U.S.C. § 2000ff, et seq.; The Indiana Civil Rights Law, Ind. Code § 22-9-1-1, et seq., the Indiana wage payment statute, Ind. Code § 22-2-4-1 et seq., and any Indiana wage law; The Indiana Family Military leave law; Any state civil rights law; Any existing or potential entitlement under any Company program or plan, including wages or other paid leave; Any existing or potential agreement, contract, representation, policy, procedure, or statement (whether any of the foregoing are express or implied, oral or written); Claims arising under any federal, state and local fair employment practices law, and any other employee or labor relations statute, executive order, law or ordinance, and any duty or other employment-related obligation, and/or claims involving intentional and/or negligent infliction of emotional distress, discrimination, harassment, retaliation and/or wrongful termination.   Plaintiff further agrees to release and discharge the Company, and waive all other claims against the Company, including but not limited to Claims under the U.S. or Indiana Constitutions, Claims arising from any other type of statute, executive order, law, ordinance, code, or common law, Claims arising from contract or public policy, as well as tort, tortious cause of conduct, breach of implied covenant of good faith and fair dealing, breach of contract, invasion of privacy, or defamation, together with all claims for monetary and equitable relief, punitive and compensatory relief and attorneys' fees and costs.

Plaintiff understands and agrees that he is releasing the Released Parties from any and all Claims by which Plaintiff is giving up the opportunity to recover any compensation, damages, or

3

any other form of relief in any proceeding brought by Plaintiff or on Plaintiff's behalf. Notwithstanding the foregoing, this Agreement is not intended to operate as a waiver of any retirement or pension benefits that are vested, the eligibility and entitlement to which shall be governed by the terms of the applicable plan. Moreover, nothing in this Paragraph or Agreement shall be interpreted to waive or extinguish any rights which -- by express and unequivocal terms of law -- may not under any circumstances be waived or extinguished. Further, this Agreement shall not operate to waive rights or claims under the ADEA if those rights or claims arise after the date Plaintiff signs this Agreement, nor preclude Plaintiff from challenging the validity of the Agreement under the ADEA.

4.    **Covenant Not to Sue.**  Plaintiff agrees that he will never sue or file a lawsuit against the Released Parties including, without limitation, any lawsuit concerning or in any way related to his employment with the Company, the termination of that employment, the compensation or benefits payable in connection with his employment, or any other interaction or relationship with the Released Parties which may have occurred prior to the Effective Date of this Agreement. Should Plaintiff violate any aspect of this Paragraph, Plaintiff agrees that any suit shall be null and void and must be summarily withdrawn and/or dismissed. Plaintiff further acknowledges and agrees that he has not assigned any claim, action or cause of action which he may have against the Released Parties, and that any assignment which concerns or is related to the matters released herein shall be null and void.

This Paragraph and this Agreement shall not operate to waive or bar any claim which by express and unequivocal terms of law may not under any circumstances be waived or barred. Moreover, this Agreement shall not operate to waive rights or claims under the ADEA if those rights or claims arise after the date Plaintiff signs this Agreement, nor preclude Plaintiff from challenging the validity of the Agreement under the ADEA or otherwise enforcing this Agreement.

5.    **Release and Waiver of Claims By ABI.**  The Company releases and discharges Plaintiff from any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date Plaintiff executes this Agreement, and waives all claims against the Plaintiff up to and including the date of the execution of this Agreement. Notwithstanding the foregoing, this paragraph and this Agreement shall not operate to waive or bar any right or claim which—by express and unequivocal terms of law—may not under any circumstances be waived or barred. Moreover, this Agreement shall not operate to waive rights or claims if those rights or claims arise after the Effective Date of this Agreement, nor preclude the Company from enforcing this Agreement.

6.    **Employment**.  Plaintiff's employment with Company ended in September of 2017. Plaintiff agrees that as a condition of this Agreement, he waives any right to seek re-employment with Company at any time and should he apply in the future, his application for employment will not be considered by Company and will be null and void.

7.    **Stipulation of Dismissal with Prejudice.**  The Parties agree that their respective counsel are authorized to file with the Court a Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit A.

8.     **Non-Admission/Disclaimer of Liability**. The Parties agree that this Agreement does not render Plaintiff or Defendant a prevailing party in any legal action and that it is not and shall not be considered an admission of liability or wrong-doing by Company or Plaintiff. Nothing contained in this Agreement, or any action on the part of Company or Plaintiff in resolving this matter, shall be considered or construed as an admission by Company or Plaintiff of any wrongful conduct or violation of any law, rule, or regulation, or that either party was entitled to any relief in any form whatsoever. Company hereby states that its sole and exclusive purpose for settling this matter is to avoid the further time and expense associated with defending against the Lawsuit, and not because Plaintiff was entitled to any type of relief, payment, or consideration of any kind or nature whatsoever.

9.     **Non-Disclosure/Non-Disparagement**.   Plaintiff agrees that information he obtained as a result of his position with ABI was proprietary and/or confidential. Plaintiff further agrees not to use or disclose (directly or indirectly) any Confidential Information, proprietary information, or trade secrets concerning the Released Parties obtained by him during his employment with the ABI and/or relationship with the Released Parties. For purposes of this Agreement, "Confidential Information" includes, without limitation, all materials and information (whether written or not) about the Company's or the Released Parties' current, prior, or prospective services or business activities, formulae, products, processes, research, plans, system designs, system applications, customers, affiliates, confidential personnel information, finances, purchasing, sales, marketing and markets, accounting, customer lists or information, business and insurance contracts, supplier relationships, supplier contracts, customer financial information, agreements, licenses, costs, pricing, profits, improvements, discoveries, software, business methods and formulas, inventions, and other business aspects of the Company, including, but not limited to, information concerning, relating to, or arising out of relationships with customers, independent sales agents, lenders, or other business affiliates), which are not generally known and accessible to the public at large and/or which provide the Company (or the Released Parties) with a competitive advantage.

Plaintiff further agrees that he will not make any legally impermissible statements or representations that disparage, demean, or impugn the Released Parties, including without limitation any legally impermissible statements impugning the personal or professional character of any director, officer, or employee for ABI, nor will Plaintiff encourage or assist others to make any such statements or representations. ) Plaintiff likewise agrees he will not directly or indirectly seek to cause any person or organization to discontinue or limit their current relationship with ABI (or the Released Parties). Plaintiff agrees that the terms and requirements in this Paragraph 9 are reasonably necessary to protect the legitimate business interests of ABI.

Notwithstanding the foregoing, nothing in this Paragraph or this Agreement shall preclude Plaintiff from responding truthfully to inquiries made in connection with any legal or governmental proceeding pursuant to subpoena, court order, or other legal process (including the provision of information to legal counsel for the Company); and nothing in this Agreement shall be intended to limit Plaintiff's ability to disclose information which – pursuant to express and unequivocal terms of law – may be disclosed to government agencies or otherwise. Furthermore, nothing in this Paragraph or this Agreement is intended to conflict with the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1833(b), or create liability for the disclosures of trade secrets expressly

allowed by 18 U.S.C. § 1833(b). As such, the parties agree that Plaintiff shall not be held liable for the disclosure of a trade secret in violation of this Agreement provided that the disclosure (a) is made in confidence to a federal, state or local government official or to an attorney for the sole purpose of reporting or investigating a suspected violation of law; or (b) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

10.     **Successors.** This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of the Released Parties and each past, present, or future employee, agent, representative, officer, or director of ABI and any division, subsidiary, parent, or affiliated entity. This Agreement shall also apply to Plaintiff, as well as his heirs, executors, administrators, and agents.

11.     **Severability.** The Parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

12.     **Applicable Law.** This Agreement shall be interpreted, enforced, and governed under the laws of Indiana. Moreover, while the Parties do not contemplate any future disputes, they agree that any action or claim brought against Company in relation to this Agreement by or on behalf of Plaintiff, or his agents, assigns, heirs, administrators, executors, or assigns shall be maintained in Indiana. If brought in state court, the action shall be filed in Marion County in Indiana. If brought in federal court, the action shall be filed in the Southern District of Indiana, Indianapolis Division. The Parties waive the right to a jury trial in any such dispute.

13.     **Non-Waiver.** The waiver by Company or the Released Parties of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver of any subsequent breach by Plaintiff.

14.     **No Presumption/Representation by Counsel.** The Parties agree that this Agreement was drafted mutually by the Parties and shall, in all cases, be interpreted as a whole according to its fair meaning and not strictly for or against any of the Parties. If any ambiguity or question of intent or interpretation arises, no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of authorship of any provisions of this Agreement. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

15.     **Attorney Fees, Costs and Expenses.** Except as otherwise set forth herein, Company and Plaintiff shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of the Lawsuit.

16.     **General Consequences.** Should Plaintiff ever breach any provision or obligation under this Agreement, the following separate and independent remedies, unless otherwise limited by law, shall be appropriate:

        a.     Plaintiff shall pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by the Defendant as a result of Plaintiff's breach if such breach is not cured or corrected within thirty (30) days of the Company mailing written notice of the breach to Plaintiff's last known address.

        b.     It is understood and agreed that the Released Parties expressly rely upon the promises, representations, and warranties made by Plaintiff in this Agreement; that any breach of such promises, representations, and warranties would constitute a material breach of this Agreement; and that in the event of any such breach, Released Parties shall be entitled to any and all of the following relief: (i) specific enforcement of all promises and undertakings made by Plaintiff hereunder; and (ii) all other relief and damages available at law or in equity.

Nothing in this Paragraph 16 is intended to limit or restrict any other rights or remedies the Company may have by virtue of this Agreement or otherwise.

17.     **Complete Agreement.** This Agreement, including its exhibits, sets forth the complete Agreement between the Parties. Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supercede, nullify, or affect any duty or responsibility Plaintiff may have or owe to the Released Parties by virtue of any separate agreement or otherwise. Plaintiff represents and acknowledges that in executing this Agreement he does not rely and has not relied upon any representations or statements not set forth herein made by Released Parties or any of the Company's or Released Parties' employees, agents, representatives, officers, or directors with regard to the subject matter, basis, or effect of this Agreement, the benefits to which Plaintiff is or may be entitled, or any other matter.

18.     **Knowledge and Understanding.** Plaintiff acknowledges under penalties of perjury that:

        a. He has been advised to consult with his attorney prior to executing this Agreement and has done so;

        b. He has been given a reasonable period of time within which to consider this Agreement which allows him to make a knowing, voluntary, and fully informed decision;

        c. He has availed himself of all opportunities he deems necessary to make a voluntary, knowing, and fully informed decision; and

d. He is fully aware of his rights, and has carefully read and fully understands all provisions of this Agreement before signing, and he has signed this Agreement knowingly, freely, and voluntarily, without any coercion, duress, or undue influence.

19. **Effective Date.** The "Effective Date" as used throughout this Agreement means the first day after all of the following conditions have been met: Plaintiff and ABI have both executed the Agreement; ABI has received Plaintiff's completed and executed W-4, WH-4, and W-9 forms, as well as his counsel's completed W-9 form required to process the payments referenced in Paragraph 2 of this Agreement; and the Court has approved this Agreement and dismissed this Lawsuit with Prejudice.

**BY SIGNING THIS RELEASE, PLAINTIFF STATES THAT: I HAVE READ IT; I UNDERSTAND IT AND KNOW THAT I AM GIVING UP IMPORTANT RIGHTS; I AGREE TO ALL THE TERMS CONTAINED WITHIN THE AGREEMENT; I AM AWARE OF MY RIGHT TO CONSULT WITH MY ATTORNEY BEFORE SIGNING IT AND I HAVE DONE SO; I HAVE SIGNED IT KNOWINGLY AND VOLUNTARILY.**

The Parties have each executed this Agreement on the dates indicated below.

Plaintiff

_____
Derek I. Lacy

Dated: 8/5/2020

American Business Insurance, Inc.

By: _____ President, ABI
Designated Representative

Dated: 8-7-2020

Plaintiff's Counsel

_____
Andrew G. Jones

8

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK I. LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cv-4204-JMS-TAB |
| | ) | |
| AMERICAN BUSINESS INSURANCE, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, Derek I. Lacy, and Defendant, American Business Insurance, Inc., by counsel,

hereby stipulate and agree to the dismissal of the above-captioned cause of action in its entirety,

including claims that were brought or that could have been brought, with prejudice, and each party

to bear its own costs, fees, and expenses.

Respectfully submitted,

/s/ Andrew G. Jones
Andrew G. Jones
(by Koryn M. McHone: Pursuant to L.R. 5-7(e), Mr. Jones consented to his signature hereon via email on July 27, 2020)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
E-mail: ajones@andrewgjoneslaw.com

*Attorney for Plaintiff*

/s/ Koryn M. McHone
Koryn M. McHone
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail:     koryn.mchone@btlaw.com

*Attorney for Defendant*